The opinion of the Court was delivered by
Wabdlaw, Ch.
The doctrines of the decree in this case are neither so novel nor difficult as to require further support; yet as it is always satisfactory to a litigant to be enabled to know that his claim or defence has been deliberately considered by the tribunal determining his rights, we shall add to the Chancellor’s reasoning, some remarks to show the appellant here, that we have not simply ignored the grounds of appeal.
The Statute of Erauds provides, that no action shall be brought to charge any person upon any contract or sale of lands, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, signed by the party, or his lawful agent, to be charged therewith. The first ground of appeal insists that this requisi *382 tion of the statute is complied with by the written note of agreement signed by testator of defendants. J. E. Henry, testator of defendants, subscribed the words “fifty dollar's and the lot to build on,” with other persons who made subscriptions of money, to a writing with the following caption: “June 18th, A. D. 1849. Eor the purpose of building a Protestant Episcopal Church at Spartanburg Courthouse, we, the undersigned, promise to pay to II. H. Thomson, Esq., chairman of the vestry of the Church of the Advent at that place, the sums annexed to our names; one-half thereof being payable on demand of the building committee, the other half twelve months after the first payment.” The "bill is filed by the plaintiff, a corporate body, against the devisee of Mr. Henry, his daughter Caroline, wife of the other defendant', to compel conveyance of an acre of land, from the tract devised to the daughter, for erection of the church and for a place of sepulture. Defendants deny any agreement of their devisor to convey any specific quantity of land, and especially resist his agreement to convey any portion of land to be used as a place of sepulture, as diminishing the value of the adjacent lands, which are particularly valuable for residences. In their answer, however, defendants offered to convey to the plaintiff one-half of an acre of land, with express condition that this lot should not be used as a place of sepulture. This offer was sternly rejected by the plaintiff on the trial of the cause. The substantial controversy between the parties seems to be first as to the extent of the lot, and secondly, as to the use of .any portion of it for burial.
The provision of the Statute of Frauds, previously recited, governs a court of equity, as much as a court of law, although exceptions have been introduced into both courts, some special to equity, adjudged to justify departure from the letter of the statute. It is settled that the required signing of an agreement is satisfied by the signing of the party to be charged, when the other party affirms the agreement by suit; and it is *383 settled in this State, perhaps against English authority, that the consideration of the agreement need not be set forth in writing. It is, however, equally settled that the terms of the agreement shall be unambiguous and definitely ascertained. If a court be at liberty to conjecture the intention of parties, it might fall into the error of decreeing what the parties never contemplated. The common law before the statute, forbade that a written instrument should be annulled, varied, or explained by parol evidence; and the statute affirms and enlarges this principle by express requirement of writing as to contracts concerning lands. When the statute requires evidence in writing, of such contracts, it necessarily exacts that every thing which is material in the purposes of the parties shall be supported by written evidence; and not dependent on the frail memory or deceitful suggestion of witnesses. The whole purpose of the legislature in exacting written proof, is defeated, if courts allow suppletory complement of proof of the contract by witnesses. Considering, then, Mr. Henry’s written agreement by its terms, what does he agree to give ? Without dwelling on the material fact, that, by the caption he agrees to pay on demand to a natural person, not the plaintiff, a sum of money in instalments, (in the opinion of some of the court a fatal objection.) We are invoked to, decide that to give “the lot to build on,” fulfils the requirements of the statute to give an acre for general purposes of the church, including burial. An agreement to give “the lot to build on,” for the purposes of a church, is utterly indefinite as to extent of the subject and as to the purposes for which it shall be employed. Is it to be the area of land covered by some structure for church purposes, or any and what greater superficies ? Is it to be for a church, or a parsonage, or a vestry-room, or a grave-yard, or any other building for the Protestant Episcopal Church at Spar-tanburg ? If the extent be fixed, for what estate is the land to be granted ? If the extent and quantity of estate be fixed, to whom is it to be granted ? The terms of the agreement in *384 itself, fix neither limits nor purposes. By the doctrine of the Court it cannot he executed.
It is against principle that a contract should rest partly in writing and partly in the memory of witnesses. All the purpose of the statute against perjury and mistaken memory would he defeated by admission of such extending testimony in parol. But if we granted the admissibility of such evidence, it is inadequate in this case to ascertain the agreement. Mr. Legg understood from the plaintiff that a lot from one-half to three-fourths of an acre was to be conveyed. Mr. Irvin states that in a stroll with Mr. Henry, after the agreement, the latter by waving his hand and mentioning certain undergrowth indicated an acre or more. Mr. McCullough, the proposed rector of the church, testifies that Mr. Henry, a few days before his death, expressed his desire that the extent of the lot should be ascertained by survey which was not made, and that the witness then inquired as to the extent of the lot; nothing was fixed, and every thing left open as to Mr. H.’s purposes concerning the church and parsonage. That all this evidence is inadequate to define the subject to be conveyed, and the purposes and estate for which any portion of it was to be conveyed, needs no argument and little authority. Story, Eq. 761, 767 ; Clinan vs. Cooke, 1 Sch. & Lef. 22; Lindsay vs. Lynch, 2 Sch. & Lef. 1; Harnett vs. Yielding, 2 Ib. 549.
It is urged, however, in the second ground of appeal, that acts of part performance on part of the plaintiff take this case out of the Statute of Frauds. No act in execution of the agreement was performed by either party in the life-time of Mr. Henry, and it is not pretended that his devisee is bound by her own independent acts in execution of the testator’s agreement. It is admitted, however, that the plaintiff is now proceeding to erect a church partly on land of the defendant, and partly on land purchased by plaintiff from Mr. Leitner. It would be difficult to maintain that the defendant who has the fee, Mrs. Farrow, and who can part with it only in a mode *385 prescribed by statute, is concluded by any act of her husband, entitled to the usufruct of her land, in permitting improvements on her land. Part performance does not evade the statute unless it place the party by consent of the other contractor in a condition of fraudulent injury, unless the contract be enforced. Mere payment of money which may be reimbursed with compensating interest, is not such act of part performance. A married woman without express proof of complicity with her husband, is not committed by his acts of fraud. Besides even against one sui juris, acts of part performance to elude the provisions of the statute, (an evasion not to be extended,) must be done in strict pursuance of a specific and certain agreement. Here every thing which has been done is consistent with defendants’ version of the contract, and does n’ot fix the tenure, extent and trusts of the estate to be conveyed. In Clinan vs. Cooke, 1 Sch. & Lef. 23, where an agent was authorized to demise for three lives or thirty-one years, it was held that the agent’s contract to convey could not be executed, because it did not specify whether the term of the lessee was to be three lives or thirty-one years.
Besides, if the plaintiff had proved sufficiently an agreement, the suit is an application to the extraordinary jurisdiction of the court where discretion is tolerated and absolute right cannot be claimed. With every disposition to limit discretion, we should hardly be disposed to afford relief to plaintiff when the enforcement of defendants’ contract (essentially voluntary although supported by the consideration of co-subscriptions) will be attended with inequitable loss to defendants, in impairing the value of adjoining lands.
It is ordered and decreed that the appeal be dismissed.
Johnston, Dunkin, and Daugan, GO., concurred.

Appeal dismissed.